IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIE L. RAY, #1210691 | § | |
| VS. | § | CIVIL ACTION NO. 6:08cv149 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Willie L. Ray, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Procedural History of the Case

Petitioner is in custody pursuant to a Smith County conviction for aggravated assault. On September 11, 2003, after a jury trial, he received a 45 year enhanced sentence. The Twelfth Court of Appeals affirmed the conviction on August 11, 2004. Petitioner did not file a petition for discretionary review at that time. On February 1, 2006, the Texas Court of Criminal Appeals issued a decision finding that counsel failed to timely inform Petitioner about his right to file a *pro se* petition for discretionary review, thus he was given the opportunity to file an out-of-time petition for discretionary review. Petitioner then filed a petition for discretionary review, which was refused on May 10, 2006. Petitioner filed a post-conviction application for a writ of habeas corpus on October 4, 2006. The Texas Court of Criminal Appeals denied the application without written order on March 19, 2008.

The present petition for a writ of habeas corpus was filed on April 17, 2008. Petitioner raised the following grounds for relief:

1. The trial court was without jurisdiction due to a defective indictment which rendered the conviction void;

2. Petitioner was denied a fair trial and a true verdict due to one juror sleeping during trial;

3. The jury instructions were erroneous and deprived Petitioner of a fair trial;

4. The plea of true to the alleged prior convictions was involuntarily made due to ineffective assistance of counsel;

5. The habitual offender sentence imposed is void;

6. Petitioner was deprived of his state and federal protected right of effective assistance of counsel at trial and on appeal;

7. The sentence is illegal;

8. Petitioner was subjected to vindictive prosecution and/or prosecutorial misconduct in violation of his fundamental state and federally protected constitutional rights; and

9. Petitioner was denied a fair trial because the jury was exposed to media publicity of the crime charges and his prior criminal history before the jury made a finding of guilt.

Petitioner also filed a memorandum in support of the petition.

On May 14, 2008, a Report and Recommendation was issued to dismiss the petition as time-barred. On June 12, 2008, the Report and Recommendation was adopted and the petition was dismissed. On May 24, 2010, the Fifth Circuit vacated the judgment and remanded the petition for further proceedings in light of *Jimenez v. Quarterman*, 129 S.Ct. 681, 686 (2009). The Fifth Circuit noted that the Court did not have the benefit of the Supreme Court's decision in *Jimenez*, but the decision dismissing the case as time-barred was erroneous in light of the decision.

The Director was ordered to show cause why relief should not be granted on June 23, 2010. The Director filed an answer (docket entry #37) on August 6, 2010. Petition filed a response (docket entry #41) on August 23, 2010.

Discussion and Analysis

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners was severely limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-413 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-1225 (5th Cir. 1997). Federal courts are required to be deferential to habeas corpus decisions issued on the merits by state

courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). The Supreme Court explained that the new provisions "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Federal habeas corpus relief is not available just because a state court decision may have been incorrect; instead, a petitioner must show that a state court decision was unreasonable. *Id.* at 694.

Petitioner initially argued that the trial court was without jurisdiction due to a defective indictment which rendered the conviction void. He asserted that all felony criminal actions must be initiated by a sworn complaint made and signed by the victim or some person empowered to act therefor. In support of the claim, Petitioner noted that the state court records reveal that the alleged victim, Patrick Loftis, never made a sworn criminal complaint nor appeared in person before the grand jury to give sworn testimony that he was assaulted. He argued that the indictment is thus fatally defective and the conviction is void. He cited numerous state court decisions, with the most recent one being *Ex parte Seidel*, 39 S.W.3d 221 (Tex. Crim. App. 2001).

The ground for relief lacks merit in two respects. First of all, Petitioner has misrepresented state law. Texas law provides that "[n]o information shall be presented until affidavit has been made by some credible person charging the defendant with an offense." Tex. Code Crim. P. art. 21.22. The use of an affidavit and information is the normal practice in misdemeanor cases. For example, one of the cases cited by him was *Nichols v. State*, 344 S.W.2d 694 (Tex. Crim. App. 1961). That case involved a driving while intoxicated misdemeanor. The conviction was reversed because there was no evidence of a sworn complaint. Petitioner was convicted of a felony. He was charged by indictment. There is no requirement of a sworn complaint before a grand jury may indict someone.

4

The ground for relief lacks merit for the additional reason that his claim does not involve a federal issue. Petitioner is reminded that a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d at 513. The Director correctly argued that the claim lacks merit in light of the Fifth Circuit's decision in *McKay v. Collins*, 12 F.3d 66 (5th Cir. 1994). "The sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction. . . . Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." *Id.* at 68 (citations omitted). "The question whether a defective state indictment confers jurisdiction on the state trial court is a matter of state law." *Id.* at 69. Under Article 5, § 12(b) of the Texas Constitution, the "presentment of an indictment or information to a court invests the court with jurisdiction of the cause." *Id.* The Director appropriately argued that even if the indictment was defective, it conferred jurisdiction on the trial court. By denying relief on the claim, the Texas Court of Criminal Appeals necessarily found that the indictment was sufficient. Since the Texas Court of Criminal Appeals found that the indictment was sufficient, this Court need not address the issue and relief is unavailable. *See Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007). The claim is foreclosed to federal habeas corpus review.

Petitioner next alleged that he is entitled to federal habeas corpus relief because he was denied a fair trial and a true verdict due to one juror sleeping during trial. He noted that the issue of a juror sleeping was brought up twice during the trial. He argued that a mistrial should have been ordered.

The record reveals that the issue was fully discussed at trial. Defense counsel appropriately brought up the issue during the trial. *See United States v. Curry*, 471 F.2d 419, 422 (5th Cir. 1973)

(counsel has a duty to call a juror's inattentiveness to the court's attention when first noticed). The trial court found that the juror eyes were blinking and that she had been shutting her eyes, "but she's awake, at least by the Court's observation." 3 RR 145. Defense counsel raised the issue again during the charge conference. The trial judge found that the juror did not exhibit evidence of being asleep to him. 5 RR 64-65. The Director correctly argued that the claim must fail given the express and implied factual findings of the trial court. Once the issue was raised by defense counsel, it was entirely within the trial court's discretion to determine these matters. *United States v. Curry*, 471 F.2d at 422. *See also United States v. Gambino*, 979 F.2d 1534, 1992 WL 352637 at *4 (5th Cir. Nov. 20, 1992) (unpublished table decision). Even if the state trial court made an incorrect finding, this Court does not have the authority to substitute a finding of fact for the findings of the trial court. Petitioner is not entitled to relief on this matter in light of the deference that must be accorded to state court determinations of fact and law.

Petition next alleged that the jury instructions were erroneous and deprived him of a fair trial. He complained that the trial court failed to include the lesser included offenses of reckless conduct, battery, criminal attempt and criminal mischief.

A federal court will reverse a state court conviction based on an erroneous jury charge only when the instruction in question renders the entire trial fundamentally unfair. *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994). The Fifth Circuit has held that in "a non-capital murder case, the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue." *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985). Petitioner has not raised a federal constitutional issue on this matter, thus relief should be denied.

In his fourth ground for relief, Petitioner asserted that his plea of true to the alleged prior convictions were involuntarily made due to ineffective assistance of counsel. He asserted that counsel failed to investigate the case and the applicable laws, thus counsel rendered erroneous legal advice regarding the enhancement paragraphs. Petitioner's fifth ground for relief is related. He asserted that the enhancement of his sentence was void because the State did not introduce the indictments of the prior convictions.

The Director correctly argued that Petitioner waived a direct challenge to the enhancement paragraphs by pleading "true." *Long v. McCotter*, 792 F.2d 1338, 1340 (5th Cir. 1986). On the other hand, he may raise an indirect challenge to the convictions used for enhancement by pursuing an ineffective assistance of counsel claim. *Warner v. Quarterman*, 195 Fed. Appx. 217, 218 (5th Cir. 2006). When a habeas petitioner alleges that his attorney was ineffective, he must show that his attorney's performance was deficient and that the deficient performance prejudiced the outcome of the case. *Strickland v. Washington*, 466 U.S. 668 (1984). The Fifth Circuit has emphasized, however, that a challenge to a plea of "true" should focus on whether the plea was voluntary and intelligent under the "totality of the circumstances." *Holloway v. Lynaugh*, 838 F.2d 792, 794 (5th Cir. 1988). Moreover, in the context of an ineffective assistance of counsel claim, the issue is whether the plea of "true" was entered voluntarily and intelligently. *Swift v. Lynn*, 870 F.2d 1039, 1041 n.3 (5th Cir. 1989). It should be further noted that in the context of a challenge to a guilty plea, as opposed to a plea of "true," the Fifth Circuit has held that "[e]ven where counsel has rendered totally ineffective assistance to the defendant entering a guilty plea, the conviction should be upheld if the plea was voluntary." *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984).

In the present case, Petitioner alleged nothing more than his attorney was ineffective for failing to investigate the case and the applicable laws. He offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). For that reason alone, Petitioner has not shown that he is entitled to habeas corpus relief based on ineffective assistance of counsel regarding the enhancement paragraphs. Furthermore, Petitioner has not satisfied his burden of showing that his plea of "true" was not entered voluntarily or intelligently. Once again, he made a conclusory claim that his plea was not entered voluntarily or intelligently. Finally, the Court's review of the totality of the circumstances of the sentencing hearing does not provide any basis for a conclusion that the plea of "true" was not entered voluntarily or intelligently. The Petitioner has not shown that he is entitled to federal habeas corpus relief with respect to either his fourth or fifth grounds for relief regarding the enhancement paragraphs.

The sixth ground for relief is ineffective assistance of trial and appellate counsel. As previously noted, Petitioner must show that his attorney's performance was deficient and that the deficient performance prejudiced the outcome of the case. *Strickland*, *supra*. The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

Petitioner made a rambling list of complaints under the category of ineffective assistance of counsel. He initially focused on the identity of the victim and whether he had been treated at the hospital. He noted that the victim of the alleged assault was Patrick Loftis. On the other hand, a man was treated at a local hospital under the name of Gray Watson. Dr. Fernandez, the treating physician, testified that the patient had a non-life threatening cut across his chest from nipple to

nipple, approximately three inches deep. Petitioner stressed that hospital records demonstrate that the patient was Gray Watson. He asserted that Dr. Fernandez did not give any testimony that he treated Loftis. The hospital staff called the police, and Officer Dennis Matthews investigated the matter. Matthews had the hospital staff change the name of the patient from Watson to Loftis. Petitioner asserted that Matthews and the hospital staff acted outside of their authority in changing the name of the patient. He asserted that Loftis never testified that he was Watson, the person who was treated at the hospital. Petitioner asserted that counsel failed to investigate the facts of the case. By implication, counsel failed to explore the identity of the victim and whether the person treated at the hospital was the victim.

The record reveals, however, that the identity of the victim was explored by defense counsel. On direct, Dr. Fernandez testified that he treated Patrick Loftis. He identified pictures of Loftis and specified that the pictures of Loftis accurately reflect the way he appeared at the time he was treated. On cross-examination, counsel questioned Dr. Fernandez as to the identity of the person he treated. Dr. Fernandez confirmed that the medical records for the person he treated were actually in the name of Gray Watson, as opposed to Patrick Loftis. Dr. Fernandez revealed that there is a unique identifier for each person and that the records show both names. He called the patient by whatever name was on the record given to him, but both names were on his records. Counsel appropriately raised the issue of identity, but the evidence did not support a claim that Loftis and Watson were different people. Petitioner's attempt to create an issue as to identity at this juncture is not supported by the record. For purposes of an ineffective assistance of counsel claim, he has not shown that there were two different people and that his attorney's representation was deficient regarding the matter.

Petitioner also complained that counsel failed to attack the character of Loftis and Young, who was present at the time of the assault, and to impeach their testimony. Petitioner failed, however, to state what matters counsel could have explored within the rules of evidence and how this alleged deficiency prejudiced him. Once again, Petitioner presented a conclusory claim that presented nothing for review. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Petitioner next complained that counsel failed to call various people as witnesses, including Veronica Randle, Mrs. Jones, Randy Carter and J.W. Johnson. He went no further than to complain that counsel did not call them and failed to present any defense whatsoever to show actual innocence or self defense. The Director correctly noted that he did not submit any affidavits from these potential witnesses other than a statement from Veronica Randle.

Counsel had a duty to investigate, which included seeking out and interviewing potential witnesses. *Lockhart*, 782 F.2d 1275, 1282 (5th Cir. 1986); *Williams v. Beto*, 354 F.2d 698 (5th Cir. 1965). To succeed on the claim, however, Petitioner must show that had counsel investigated the claim he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on his behalf. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir.), *cert. den.,* 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

In the present case, Petitioner did not show that the witnesses were available, that their testimony would have been favorable and that they were willing to testify. Instead, he only claimed that they were not called and that counsel did not present evidence on actual innocence or self

defense. With respect to Randle, she stated nothing more in her statement than Petitioner came to her house with a cut shirt. Her affidavit did not provide evidence of actual innocence or self defense. Moreover, she did not relate that she was available and willing to testify. Petitioner's complaint about counsel's failure to call witnesses or to present a defense is conclusory and inadequate to obtain federal habeas corpus relief.

Petitioner once again discussed counsel's failure to challenge his prior convictions used for enhancement. He did not, however, show that counsel had any basis for challenging the prior convictions. Petitioner complained that his sentence failed to include a minimum sentence, but there was no requirement of a minimum sentence at the time he was sentenced. At one time, Texas had indeterminate sentences that included a minimum and maximum sentence, but the use of indeterminate sentences was abolished effective September 1, 1981. *Manz v. State*, 787 S.W.2d 580, 582 (Tex. App. - Houston [1st Dist.] 1990, no pet.).

Overall, Petitioner's allegations of ineffective assistance of trial counsel lack support and fail as a matter of law. He did not sustain his burden of showing that his trial attorney's representation was deficient or that he was prejudiced by such deficient representation. The Petitioner attempted to show that his appellate attorney was ineffective for failing to raise these same issues on appeal. Once again, however, he failed to show that counsel had legitimate issues to raise on appeal, that his representation was deficient for failing to raise the issues on appeal or that he was prejudiced by counsel's failure to raise issues on appeal. The Petitioner has not shown that either his trial or appellate attorneys were ineffective.

Petitioner next alleged that his sentence was illegal. He renewed the erroneous claim that his sentence was illegal because it did not include a minimum sentence. Once again, Texas

abolished the use of indeterminate sentences in 1981. The claim is frivolous. Furthermore, the sentence was authorized by law. He was charged with aggravated assault, a second degree felony. Tex. Penal Code § 22.02(b). His indictment included two prior felony offenses, to which he pled "true" and were found to be true, thereby enhancing the punishment range at twenty-five to ninety-nine years or life imprisonment. Tex. Penal Code § 12.42(D). His sentence of forty-five years was within the range of punishment. The claim that the sentence was illegal lacks merit.

Petitioner next alleged that he was subjected to vindictive prosecution and/or prosecutorial misconduct in violation of his fundamental state and federally protected constitutional rights. The standard for granting habeas corpus relief because of prosecutorial misconduct is "the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). To prevail on a claim of prosecutorial misconduct in a state habeas corpus proceeding, a petitioner must show that the prosecutor's actions were so egregious as to render the trial fundamentally unfair. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Cobb v. Wainwright*, 609 F.2d 754, 756 (5th Cir.), *cert. denied*, 447 U.S. 907 (1980). His actions must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. at 181. It is not enough that his actions "were undesirable or even universally condemned.." *Id.*

Petitioner complained that the State offered him a thirty-five year plea bargain. He asserted that this was a false offer since the maximum sentence was only twenty years. The assertion is erroneous. He could have been sentenced up to ninety-nine years or life imprisonment. He also complained that the prosecutor informed the jury that he had been charged with a First Degree Felony. He is not entitled to relief because he cannot show that the misstatement, if made, was

harmful under *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Petitioner again complained that a sworn criminal complaint was not filed, but he was charged by indictment. The indictment met the requirements of state law. Tex. Code Crim. Proc. art. 21.02. A written complaint signed by Loftis was not required. Petitioner complained that the police had the medical records changed to name Loftis as the patient treated in the hospital. The claim is conclusory. Moreover, there is no harm in that the medical records actually cited both Loftis and Watson and the record established that Loftis was assaulted by Petitioner. Petitioner has not shown that any mistakes that may have been made by the prosecution denied him due process. He has not shown that he is entitled to relief on his ninth ground for relief.

Petitioner finally alleged that he was denied a fair trial because the jury was exposed to a newspaper article about the criminal charges and his prior criminal history before the jury made a finding of guilt. The Sixth Amendment right to a fair trial includes the right to an impartial jury. *Morgan v. Illinois*, 504 U.S. 719, 727 (1992). "The constitutional standard of fairness requires that a defendant have a panel of impartial, indifferent jurors." *Murphy v. Florida*, 421 U.S. 794, 799 (1975). "Qualified jurors need not, however, be totally ignorant of the facts and issues involved." *Id.* at 800. Habeas corpus relief will be available to the petitioner only if he can show that a juror was biased. *Soria v. Johnson*, 207 F.3d 232, 240 (5th Cir. 2000). Petitioner must show actual, identifiable prejudice on the part of members of the jury that is attributable to publicity. *Moore v. Johnson*, 225 F.3d 495, 504 (5th Cir. 2000). Petitioner has not shown that any juror actually read a newspaper article about him, thus he has once again made a conclusory claim. He likewise failed to show prejudice on the part of specific jurors that was attributable to the newspaper article. Moreover, the Petitioner's criminal history was brought out at trial. His criminal history was brought

out after he chose to testify. Consequently, even if a juror had read about Petitioner's prior criminal history, it would have been harmless. The last ground for relief lacks merit.

The Court would again note that in order to obtain relief Petitioner must show, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002). Petitioner has not satisfied his burden under 28 U.S.C. § 2254(d). Federal habeas corpus relief is unavailable.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*;  *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

<u>Recommendation</u>

It is accordingly recommended that the above-styled petition for writ of habeas corpus be denied and the case dismissed with prejudice.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 1st day of October, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE